## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICHOLAS M. LINKE

       Plaintiff,

         v.

GRAY MANUFACTURING COMPANY,
INC. and JOHN DOES 1-5, FICTITIOUS
DEFENDANT(S),

       Defendants.

:
:  CIVIL ACTION NO.
:
:
:
:
:
:
:
:
:
:
:

**GRAY MANUFACTURING COMPANY, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), defendant Gray Manufacturing Company, Inc. hereby removes the above-captioned case, which was filed in the Pennsylvania Court of Common Pleas, Philadelphia County, July Term, 2026, Case ID 260700893 (sometimes referred to herein as the "State Court Action"), to the United States District Court for the Eastern District of Pennsylvania. In support of removal, GMC states as follows

**A.**    **Facts and Parties**

1.    On July 8, 2026, Plaintiff Nicholas Linke (hereinafter "Plaintiff") initiated this products liability action against Gray Manufacturing Company, Inc. (hereinafter, "GMC"), by filing a Complaint in the Pennsylvania Court of Common Pleas, Philadelphia County. (*See* generally Ex. A, Compl.; Ex. B, State Court Civil Cover Sheet).[1]

2.    Plaintiff served a copy of the Complaint on GMC on July 10, 2026. (*See* generally Ex. C, Affidavit of Service.)

---

[1] The Complaint also includes John Doe fictitious defendants 1-5, which have not yet been identified. (*See* Ex. A, Compl. at ¶ 3.)

3.      This lawsuit stems from an incident that occurred on or around July 3, 2025 in which Plaintiff allegedly sustained injuries while emptying an OH-15 Oil Handler manufactured by GMH (hereinafter, the "Subject Product"). (Ex. A, Compl. at ¶ 8).

4.      Plaintiff claims that he was allegedly injured by the Subject Product at his worksite while performing a vehicle oil change as part of his employment as a vehicle maintenance mechanic. (*Id.*).

5.      Plaintiff asserts claims against GMC sounding in strict liability, negligence, and breach of warranty. (*See generally id.*).[2]

6.      Plaintiff seeks to recover an amount in excess of $50,000 for his alleged injuries. (*See generally id.*).

7.      As required by 28 U.S.C. § 1446(a), GMC has attached to this Notice as Exhibits A, B, C, and D "a copy of all process, pleadings, and orders served upon" it. (*See* Ex. A, Compl.; Ex. B, Civil Cover Sheet; Ex. C, Affidavit of Service; Ex. D, EOA of Tanner J. Bowes, Esq. as co-counsel for Plaintiff.)

8.      These documents represent every document filed in the State Court Action. (*See* Ex. E, State Court Action Civil Docket Report).

**B.      <u>Removal is Proper.</u>**

9.      This case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and GMC has satisfied the procedural requirements for removal pursuant to 28 U.S.C. § 1446. *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). Namely, diversity of citizenship is satisfied as the Plaintiff is not a citizen of the same state as any Defendant, the amount in controversy exceeds $75,000, exclusive of interest

---

[2] Plaintiff asserts identical claims for strict liability, negligence, and breach of warranty against the as yet unidentified fictitious defendants, John Does 1-5.

and costs, and this removal is timely. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1446; *see also Liebig v. MTD Prods. Inc.*, 674 F. Supp. 3d 164, 168 (E.D. Pa. 2023).

**C.      Diversity of Citizenship is Satisfied.**

9.      Complete diversity exists, and at all relevant times has existed, between the parties to this action. *See Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.,* 316 F.3d 408, 410 (3d Cir. 2003).

8.      For diversity purposes, an individual is a citizen of the state in which they are domiciled. *See* 28 U.S.C. § 1332.

9.      As set forth in the Complaint, Plaintiff Nichoas M. Linke resides at 109 W. Cherry Road, Quakertown, PC 18951 and is a "citizen of the Commonwealth of Pennsylvania, residing therein . . ."; therefore, he is a citizen of Pennsylvania. (*See* Ex. A, Compl. at ¶ 1).

10.     For diversity purposes, a corporation is deemed a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

11.     A corporation's principal place of business is the place where its officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). Typically, it is where the corporation maintains its headquarters, i.e., the corporation's "nerve center." *Id.*

12.     Defendant Gray Manufacturing Company, Inc.—the only defendant that has been identified, named, and served—is incorporated under the laws of Missouri has its principal place of business at 3501 South Leonard Road, St. Joseph, Missouri 64503. Therefore, Gray Manufacturing Company, Inc is a citizen of Missouri. (*See generally* Ex. F, Certificate of Good Standing; Ex. G, 2026 Annual Report.)

13.     Plaintiff named fictitious defendants, John Does 1-5, in his Complaint. However, the fictitious entities' citizenship "shall be disregarded" for purposes of determining whether this case is removable on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

14.     Because Plaintiff is a citizen of Pennsylvania, while the only named defendant is a citizen of Missouri, complete diversity exists between the parties. *See* 28 U.S.C. § 1332; *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).

**D.      The Amount in Controversy Requirement is Satisfied.**

15.     The amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

16.     Under 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of costs and interest.

17.     Where, such as here, the complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

18.     To determine the amount in controversy, the Court should consider a "reasonable reading of the value of the rights being litigated" based on the allegations in the Complaint at the time of removal. *McCoy v. Progressive Ins. Co.*, 2020 WL 7056332 (citing *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395, 397 (3d Cir. 2016)).

19.     Although Plaintiff does not quantify his exact damages, he seeks compensation in excess of the applicable Pennsylvania Arbitration Limits of $50,000, as directly stated in the Complaint and on the Civil Cover Sheet. (*See generally* Ex. A, Compl.; *see also* Ex. B, Civil Cover Sheet).

20.　　Plaintiff alleges that the Subject Product caused him to sustain "various severe and permanent bodily injuries and losses. . ." (*See* Ex. A, Compl., at ¶ 8).

21.　　Plaintiff further alleges that as a result of the incident, he has in the past and will continue to undergo "severe pain and suffering" as a result of permanent injuries that he claims to have sustained in the subject incident, including:

> concussion with loss of consciousness of 30 minutes or less; right paramandibular soft tissue laceration; jaw pain; jaw stiffness; jaw edema; difficulty closing jaw; difficulty chewing; left ear pain/pressure; bilateral ear pain, left greater than right; post-traumatic headache; memory difficulties; dizziness; imbalance; abnormal gait; saccadic eye movement deficiency; tinnitus; noise effects on inner ear, bilateral; abnormality of movement of eye; visual discomfort of both eyes; blurred vision; floaters; photophobia/light sensitivity; concentration deficit; cognitive deficits; nausea; fatigue; daytime drowsiness; sleep disturbance; altered sleep pattern; numbness and tingling in arms/legs/fingers cervical pain/pain with movement; as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

(*Id*. at ¶¶ 28-29.)

22.　　Additionally, Plaintiff contends that he has suffered and/or will continue to suffer lost wages, a loss of earnings and/or earning capacity and other economic losses including but not limited to outstanding medical bills and the need for indefinite future medical treatment and care "all to his great detriment and loss." (*Id.* at ¶¶ 29-35).

23.　　Therefore, a fair reading of the Complaint establishes a reasonable probability that Plaintiff is alleging damages in excess of $75,000, exclusive of costs and interest.

24.　　Accordingly, the amount in controversy is satisfied, rendering this matter properly removable under 28 U.S.C. §§ 1332 and 1441(b).

**E.　　Procedural Requirements for Removal.**

25.　　A Notice of Removal must be filed within 30 days of the defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b).

26.    Because Plaintiff served GMC with a copy of the complaint on July 10, 2026, this removal is timely pursuant to 28 U.S.C. § 1446(b). (*See generally* Ex. C, Affidavit of Service.)

27.    This action is being removed to the United States District Court of the Eastern District of Pennsylvania as the "district court for the district and division embracing the place where such action is pending" (Philadelphia County, Pennsylvania). 28 U.S.C. § 1441(a).

28.    In cases involving multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446 (b)(2)(A) (emphasis added). This is sometimes referred to as the unanimity rule.

29.    Moreover, "the unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party …." *Balazik v. County of Dauphin*, 44 F.3d 209, 213, n.4 (3d Cir. 1995) (citing *McManus v. Glassman's Wynnefield, Inc.*, 710 F. Supp. 1043, 1045, n.5 (E.D. Pa. 1989))

30.    Since GMC is the only non-fictitious named defendant, it is not required to obtain consent of unknown fictitious defendants, John Does 1-5. *See id.*

31.    GMC, as the removing Defendant, will file this Notice of Removal with the Clerk of the Pennsylvania Court of Common Pleas, Philadelphia County pursuant to 28 U.S.C. § 1446 (d), as well as serve a copy upon Plaintiff's counsel.

32.    Accordingly, this action is properly removed from the state court to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this Notice of Removal meets the requirements of 28 U.S.C. § 1446.

**WHEREFORE**, GMC hereby removes this case to the United States District Court for the Eastern District of Pennsylvania, respectfully requests that no further proceedings be had in the

Pennsylvania Court of Common Pleas, Philadelphia County, and requests such other and further

relief as the Court deems just and proper.

**CAMPBELL CONROY & O'NEIL, P.C.**

By: */s/ Yasha K. Shahidi*
William J. Conroy, Esquire
Yasha K. Shahidi, Esquire
1325 Morris Drive, Suite 110
Chesterbrook, PA 19087
Tel.: 610-964-1900
Fax: 610-964-1981
Email: wconroy@campbell-trial-lawyers.com
      yshahidi@campbell-trial-lawyers.com
*Counsel for Defendant, Gray Manufacturing Company, Inc.*

Date: July 17, 2026

## CERTIFICATE OF SERVICE

I, Yasha K. Shahidi, Esquire, do hereby certify that a true and correct copy of ***Gray Manufacturing Company, Inc.'s Notice of Removal*** was electronically filed and is available for viewing and downloading from the ECF system.  I also caused the foregoing ***Notice of Removal*** to be served upon all parties on July 17, 2026 via email and regular mail.

*/s/ Yasha K. Shahidi*
Yasha K. Shahidi, Esquire
**CAMPBELL CONROY & O'NEIL, P.C.**
*Counsel for Defendant, Gray Manufacturing Company, Inc.*

8